In re the MARRIAGE OF Paul Andrew SERIGHT, Petitioner,

and

Stephanie Jean Aaland, f/k/a Seright, Respondent-Appellant, and concerning Thurmon Seright and Ester Seright, Appellees.

No. 81CA1163.

Colorado Court of Appeals, Div. III.

July 1, 1982.

Thomas C. Henley, Colorado Springs, for respondent-appellant.

No appearance for appellees.

KIRSHBAUM, Judge.

Appellant, Stephanie Jean Aaland, is the mother and custodial parent of Kevin A. Seright. Appellees, Thurmon and Ester Seright (Serights), are Kevin's paternal grandparents. Ms. Aaland appeals an order entered by the trial court on September 28, 1981, granting a motion filed by the Serights to obtain court ordered visitation rights with their grandchild. We reverse and remand with directions.

The record on appeal reveals the following facts. On May 20, 1981, Paul Seright, Kevin's father, commenced the proceeding below by filing a petition for more definite visitation rights. On July 2, 1981, the Serights filed a motion and supporting affidavit, pursuant to § 19–1–116, C.R.S.1973 (1978 Repl. Vol. 8) (1981 Cum.Supp.), seeking an order granting them visitation rights with Kevin. On August 17, 1981, the Serights served Ms. Aaland with a notice that they would appear before the trial court at 8:30 a. m. on August 26, 1981, to request the granting of their July 2 motion.

On August 25, 1981, Ms. Aaland executed an affidavit opposing the Serights' motion. The affidavit averred, *inter alia*, that the requested grandchild visitation would not be in the best interests of the child, that such request may have been filed to harass her, that the visitation requested was excessive, and that Ms. Aaland requested a hearing on the matter. This affidavit is stamped "received" by Division 7 of the El Paso County District Court on August 25, 1981; it is also stamped "filed" on August 27, 1981. No evidentiary hearing has been held relative to the issues raised by this affidavit.

On September 28, 1981, the Serights filed a motion requesting an *ex parte* order granting them grandchild visitation. This motion acknowledged that Ms. Aaland had filed an affidavit and a request for a hearing and asserted that those filings were not timely.

The trial court entered an *ex parte* order on that date, September 28, granting grandchild visitation "to the extent and in the manner" requested by the Serights' motion. The order also states that the trial court considered, *inter alia*, the "Affidavit and request for hearing" filed by Ms. Aaland. Ms. Aaland's post-order motions were denied by the trial court.

Section 19–1–116(2), C.R.S.1973 (1978 Repl. Vol. 8) (1981 Cum.Supp.), states, in pertinent part, as follows:

"A party seeking a grandchild visitation order shall submit, together with his motion for visitation . . . an affidavit setting forth facts supporting the requested order. . . . The party with legal custody may file opposing affidavits. . . . A hearing shall be held if either party so requests or if it appears to the court that it is in the best interests of the child that a hearing be held . . . ."

Thus, the plain language of the statute authorizes a custodial parent to file an affidavit opposing a requested grandchild visitation order, and requires the trial court to hold a hearing if the custodial parent so requests. Here, although Ms. Aaland, the child's custodian, requested such a hearing, the trial court failed to hold one.

The statute does not specify any time limitation upon the abilities of the custodial

parent to request a hearing, and the filing of an opposing affidavit is not a condition precedent to the exercise of the right to require the holding of such a hearing. Moreover, Ms. Aaland's affidavit, including her request for a hearing, was filed well prior to the September 28 date. We agree with Ms. Aaland that the trial court erred in failing to hold an evidentiary hearing upon her request.

The order is reversed and the cause is remanded to the trial court with directions to conduct such further proceedings, including any evidentiary hearings, as may be appropriate to resolve this matter.

SMITH and KELLY, JJ., concur.